RECEIVED
IN LAKE CHARLES, LA

NOV 3 0 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:05-20084-013** |
| VS. | : | **JUDGE MINALDI** |
| **JUANA MENDEZ-RAMOS** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM ORDER

IT IS ORDERED that the defendant's Motion for Severance of the Defendants [doc. 246] is DENIED and the defendant's Motion to Dismiss for Speedy Trial Violations [doc. 244] is DENIED.

Generally persons indicted together should be tried together. *U.S. v. Ramirez*, 145 F.3d 345, 355 (C.A.5 (Tex.),1998); *United States v. Avarello*, 592 F.2d 1339, 1345 (5th Cir.1979). Severance is not required unless the evidence is so complex or confusing that the jury would be unable to make individual determinations as to the applicability of evidence to each defendant. *United States v. Bright*, 630 F.2d 804, 813 (5th Cir.1980).

In this case the defendant has claimed that she will be prejudiced by the delay of the trial in this matter but she has not claimed that she is prejudiced by the joinder of the various defendants. A prejudice by the delay of trial is not valid grounds for a severance.

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) the Supreme Court adopted a balancing test for determining whether a defendant's right to speedy trial has been violated. Under that test the conduct of the prosecution and the defendant is balanced, on an *ad hoc* basis,

giving particular attention to four factors: (i) length of delay, (ii) the reason for the delay, (iii) the defendant's assertion of his right, and (iv) prejudice to the defendant. 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116-117. In the case at bar, the period that has elapsed between indictment and pending trial does not constitute an unreasonable delay in the circumstances of this case. This delay of considerably less than a year is not inappropriate per se in a case of this type since preparation of a complex interstate conspiracy case involving multiple defendants may well require more time before trial than prosecution of a single street crime, *Barker v. Wingo*, supra, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116-117; *U.S. v. Davis*, 487 F.2d 112, 116-117 (C.A.5, 1973). This case has multiple defendants, has been certified as complex, and the court has found that all delays to date were in the interest of justice.

Lake Charles, Louisiana, this 29 day of November, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE